**Frances J. DAVIS and La Vaughn T. Davis, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. H–92–366.**

United States District Court, D. Maryland.

July 28, 1993.

La Vaughn T. Davis and Frances J. Davis, pro se.

Richard L. Gillman, U.S. Dept. of Justice, Washington, DC, for the government.

*MEMORANDUM OPINION*

ALEXANDER HARVEY, II, Senior District Judge.

Plaintiffs filed this civil action seeking a refund of federal excise taxes alleged to have been erroneously assessed against and collected, pursuant to 26 U.S.C. § 4975, from a partnership known as FJDMAS, Ltd. for taxable years ending May 31, 1986, 1987,

1988 and 1989. The facts relevant to this case are not contested. The parties dispute only the interpretation to be given to the relevant statutory provisions.

Following the completion of discovery, the parties have submitted the case to the Court for final disposition by way of cross motions for summary judgment. Memoranda filed in support of and in opposition to the parties' motions for summary judgment have been reviewed by the Court. The parties have agreed that no hearing is necessary. For the reasons to be stated, plaintiffs' motion for summary judgment will be denied, and defendant's motion for summary judgment will be granted.

## I

### Background

The following facts are undisputed. The various individuals, partnerships, and corporations involved in this case are interrelated. Plaintiffs La Vaughn T. Davis and Frances J. Davis are married. Plaintiff La Vaughn T. Davis is a general partner and owner of a one-third interest in the capital and profits of FJDMAS, Ltd. ("FJDMAS"), a Maryland general partnership. Plaintiff Frances J. Davis is likewise a general partner and owner of a one-third interest in the capital and profits of FJDMAS. The remaining one-third interest in the capital and profits of FJDMAS is owned by Mark A. Stephens, Ltd., a Maryland corporation. Plaintiffs La Vaughn T. Davis and Frances J. Davis each own ten percent (10%) of the issued and outstanding stock of Mark A. Stephens, Ltd. The remaining eighty percent (80%) of the issued and outstanding stock of Mark A. Stephens, Ltd. is owned by La Vaughn T. Davis, P.C., a District of Columbia corporation. The issued and outstanding stock of La Vaughn T. Davis, P.C. is, in turn, owned in its entirety by plaintiff La Vaughn T. Davis.

La Vaughn T. Davis, P.C. and Mark A. Stephens, Ltd. are participating employers in two qualified "defined contribution plans." *See* 26 U.S.C. § 414(i). These two qualified defined contribution plans are La Vaughn T. Davis, P.C. Profit Sharing Plan 001 ("Plan 001"), and La Vaughn T. Davis, P.C. Money Purchase Plan 002 ("Plan 002").

On May 12, 1984, Plans 001 and 002 loaned $180,000 to FJDMAS in exchange for a note in like amount executed by plaintiffs La Vaughn T. Davis and Frances J. Davis in their capacities as general partners of FJDMAS. The note provided for the payment to the Plans of monthly installments of $2,304.00 amortized over twenty years, with a balloon payment due for any remaining indebtedness on May 16, 1994. The note bore interest at 14.5 percent per annum, which was two percentage points greater than the prevailing rate at the time of the loan.

Applicable provisions of the Internal Revenue Code impose an excise tax on certain prohibited transactions. The Internal Revenue Service assessed excise taxes on FJDMAS for four taxable years, in the amount of $12,567 plus interest, contending that the $180,000 loan, as an extension of credit between a contribution plan and "a disqualified person," was a prohibited transaction. In seeking a refund of the taxes and interest paid, plaintiffs assert that FJDMAS is not a "disqualified person" within the meaning of the applicable statutory provisions.

## II

### Summary Judgment Principles

As set forth in Rule 56(c), F.R.Civ.P., the standard for the granting of a motion for summary judgment is that the moving party must show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." One of the purposes of Rule 56 is to require a party, in advance of trial and after a motion for summary judgment has been filed and supported, to come forward with some minimal facts to show that it may not be liable under the claims alleged or subject to the defenses asserted. *See* Rule 56(e). In the absence of such a minimal showing, a party moving for summary judgment should not be required to undergo the expense of preparing for and participating in a trial of the issue challenged. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The burden is on the party moving for summary judgment to show that no genuine issue of fact exists and that the movant is entitled to judgment as a matter of law. *Barwick v. Celotex,* 736 F.2d 946, 958. The Fourth Circuit has stated that, with regard to motions for summary judgment, trial judges have "an affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Celotex Corp.,* 477 U.S. at 323–324, 106 S.Ct. at 2552–53).

In the present case, the parties do not dispute any of the relevant facts. The sole dispute pertains to the interpretation and application of the relevant statutory provisions. Accordingly, this is an appropriate case for disposition by way of the pending cross motions for summary judgment.

## III

### *Discussion*

■ Various provisions of the Internal Revenue Code pertain to the parties' dispute in this case.

26 U.S.C. § 4975(a) provides in relevant part:

There is hereby imposed a tax on each prohibited transaction. The rate of tax shall be equal to 5 percent of the amount involved with respect to the prohibited transaction for each year (or part thereof) in the taxable period. The tax imposed by this subsection shall be paid by any disqualified person who participates in the prohibited transaction (other than a fiduciary acting only as such).

The two key terms in § 4975(a) are "prohibited transaction" and "disqualified person." The term "prohibited transaction" is defined by § 4975(c), and includes any "direct or indirect lending of money or other extension of credit between a plan and a disqualified person." 26 U.S.C. § 4975(c)(1)(B).

The term "disqualified person" is defined by § 4975(e)(2), as follows:

(2) Disqualified person.—For purposes of this section, the term "disqualified person" means a person who is—

(A) a fiduciary;

\*    \*    \*    \*

(G) a corporation, partnership, or trust or estate of which (or in which) 50 percent or more of—

\*    \*    \*    \*

(ii) the capital interest or profits interest of such partnership

\*    \*    \*    \*

is owned directly or indirectly, or held by persons described in subparagraph (A) . . .

The plaintiffs concede that they are both "fiduciaries" within the meaning of § 4975(e)(2)(A). Similarly, the parties agree that if FJDMAS is a "disqualified person," then the May 12, 1984 transaction was a "prohibited transaction" within the meaning of § 4975(c). Thus, the only contested issue in this case is whether or not FJDMAS is a "disqualified person" within the meaning of § 4975(e)(2)(G).

FJDMAS is a disqualified person if it is a partnership of which 50 percent or more of the capital interest or profits interest is owned directly or indirectly by La Vaughn T. Davis or Frances J. Davis. Each of the individual plaintiffs owns a one-third interest in the capital and profits of FJDMAS. Thus, the inquiry which must be made is whether or not the interest of one of the individual plaintiffs can be attributed to the other. If so, either one of the individual plaintiffs would be considered as owning a two-thirds interest in FJDMAS, and either one would therefore own 50 percent or more of the capital interest or profits interest of FJDMAS for purposes of § 4975(e)(2)(G)(ii).

Various statutory provisions govern the attribution of ownership of an interest in a partnership. Section 4975(e)(5) provides that for purposes of § 4975(e)(2)(G)(ii):

[T]he ownership of profits or beneficial interests shall be determined in accordance with the rules for constructive ownership

of stock provided in section 267(c) (other than paragraph (3) thereof), except that section 267(c)(4) shall be treated as providing that the members of the family of an individual are the members within the meaning of paragraph (6).

26 U.S.C. § 267(c)(2) provides that, "[a]n individual shall be considered as owning stock owned, directly or indirectly, by or for his family." The term "family" includes a spouse. 26 U.S.C. §§ 267(c)(4), 4975(e)(6).

Upon consideration of these statutory provisions, this Court finds and concludes that FJDMAS is a "disqualified person" within the meaning of 26 U.S.C. § 4975(e)(2). Pursuant to § 4975(e)(5), the ownership interest in the capital profits of FJDMAS held by each of the individual plaintiffs is constructively owned by the other because the two individual plaintiffs, as husband and wife, are members of the same family pursuant to § 4975(e)(6). Therefore, each of the individual plaintiffs "owns" a two-thirds interest in FJDMAS, and each accordingly owns 50 percent or more of the capital interest or profits interest of FJDMAS for purposes of § 4975(e)(2)(G)(ii). Since each of the plaintiffs is concededly a "fiduciary" within the meaning of § 4975(e)(2)(A), FJDMAS is a "disqualified person" pursuant to § 4975(e)(2)(G), and the loan in question is a prohibited transaction subject to taxation.

Plaintiffs contend that the one-third interest of each plaintiff cannot be attributed to the other because 26 U.S.C. § 267(c) concerns the constructive ownership of *stock*, and not of a partnership interest. This contention is without merit. Section 4975(e)(5) clearly makes the rules of constructive ownership delineated in § 267(c) applicable to the constructive ownership of partnership interests. This is the plain and unambiguous meaning of § 4975(e). Accordingly, there is no need for the Court to consider the legislative history of the various provisions. *E.g.*, *West Virginia Univ. Hosp. v. Casey*, 499 U.S. 83, 98, 111 S.Ct. 1138, 1147, 113 L.Ed.2d 68 (1991).

Because FJDMAS is a disqualified person, the May 12, 1984 transaction was a "prohibited transaction" within the meaning of § 4975(c), and the excise taxes in question

and interest were properly assessed against FJDMAS pursuant to 26 U.S.C. § 4975(a). For these reasons, the Court concludes that plaintiffs' motion for summary judgment must be denied, and that defendant's motion for summary judgment must be granted.

An appropriate Order will be entered by the Court.

## ORDER

For the reasons stated in the Court's Memorandum Opinion of today, it is this 28th day of July, 1993 by the United States District Court for the District of Maryland,

ORDERED:

1. That plaintiffs' cross motion for summary judgment be and the same is hereby denied;

2. That defendant's motion for summary judgment be and the same is hereby granted; and

3. That judgment is hereby entered in favor of defendant, with costs.